

**ORDERED in the Southern District of Florida on April 10, 2020.**

A. Jay Cristol, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov**

| | |
|---|---|
| **In re:** | |
| | **Chapter 11** |
| **AMERICA-CV STATION GROUP, INC.,** | Case No. 19-16355-BKC-AJC |
| **CARIBEVISION HOLDINGS, INC.,** | Case No. 19-16359-BKC-AJC |
| **AMERICA-CV NETWORK, LLC,** | Case No. 19-16976-BKC-AJC |
| **CARIBEVISION TV NETWORK, LLC,** | Case No. 19-16977-BKC-AJC |
| Debtors. | (Jointly Administered Under Case No. 19-16355-BKC-AJC) |
| _____/ | |

**ORDER: (A) APPROVING FIRST AMENDED JOINT DISCLOSURE STATEMENT ON A FINAL BASIS; (B) AUTHORIZING SOLICITATION OF VOTES ON PLANS OF REORGANIZATION; (C) APPROVING SOLICITATION PROCEDURES; AND (D) SCHEDULING A HEARING ON CONFIRMATION OF THE PLANS OF REORGANZATION**

**CONFIRMATION
HEARING AND HEARING ON FEE APPLICATIONS
May 28, 2020 at 2:00 p.m.**

**LOCATION:**
**United States Bankruptcy Court**
**301 N Miami Ave, Courtroom 7**
**Miami, FL 33128**

**PROPONENTS' DEADLINE FOR SERVING THIS ORDER,**
**DISCLOSURE STATEMENT, APPLICABLE PLAN(S), AND BALLOT:**
**April 17, 2020 (40 days before Confirmation Hearing)**

**DEADLINE FOR OBJECTIONS TO CLAIMS:**
**April 17. 2020 (40 days before Confirmation Hearing)**

**DEADLINE FOR FEE APPLICATIONS:**
**May 7, 2020, (21 days before Confirmation Hearing)**

**PROPONENTS' DEADLINE FOR SERVING NOTICE OF FEE APPLICATIONS:**
**May 14, 2020, (14 days before Confirmation Hearing)**

**DEADLINE FOR OBJECTIONS TO CONFIRMATION:**
**May 14, 2020 (14 days before Confirmation Hearing)**

**DEADLINE FOR FILING BALLOTS ACCEPTING OR REJECTING PLANS:**
**May 14, 2020 (14 calendar days before Confirmation Hearing)**

**PROPONENTS' DEADLINE FOR FILING**
**PROPONENT'S REPORT AND CONFIRMATION AFFIDAVIT:**
**May 25, 2020 (3 business days before Confirmation Hearing)**

**THIS MATTER** came before the Court on **April 1, 2020 at 2:00 p.m.** upon the: (i) Motion dated February 26, 2020 (the "Motion")[1] [ECF No. 130] of AMERICA-CV STATION GROUP, INC., CARIBEVISION HOLDINGS, INC., AMERICA-CV NETWORK, LLC and CARIBEVISION TV NETWORK, LLC (collectively, the "Debtors" or "Proponents") for entry of an order, pursuant to 11 U.S.C. §§ 105, 1125, and 1128 of the United States Bankruptcy Code (the "Bankruptcy Code"), and Rules 2002, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules: (a) conditionally approving the *Joint Disclosure Statement For Chapter 11 Plans Of Reorganization Proposed By America-*

---

[1] All capitalized terms not defined in this Order have the same meanings ascribed to them in the Motion.

*CV Station Group, Inc., Caribevision Holdings, Inc., America-CV Network, LLC And Caribevision TV Network, LLC* dated February 26, 2020 and filed contemporaneously with the Motion [ECF No. #129] (the "Disclosure Statement"), (b) authorizing solicitation of votes on the: *(I) Chapter 11 Plan Of Reorganization Proposed By America-CV Station Group, Inc., (II) Chapter 11 Plan Of Reorganization Proposed By Caribevision Holdings, Inc., (III) Chapter 11 Plan Of Reorganization Proposed By America-CV Network, LLC, and (IV) Chapter 11 Plan Of Reorganization Proposed By Caribevision TV Network, LLC,* each dated February 26, 2020 [ECF Nos. #125, 126, 127, 128] (collectively, the "Plans"); (c) approving solicitation procedures for voting on the Plans; and (d) scheduling a combined hearing for final approval of the Disclosure Statement and hearing on confirmation of the Plans (the "Combined Hearing"); (ii) the *Order (I) Conditionally Approving Disclosure Statement; (II) Setting Hearing To Consider Final Approval Of Disclosure Statement; And (III) Setting Deadline For Filing Objections To Disclosure Statement* [ECF No. 147]; (iii) the Objection to the Disclosure Statement filed by ESRT Empire Statement Building, LLC (the "Empire Objection") [ECF No. 150]; and (iv) the *First Amended Joint Disclosure Statement for Chapter 11 Plans of Reorganization Proposed By America-CV Station Group, Inc., Caribevision Holdings, Inc., America-CV Network, LLC And Caribevision TV Network, LLC* [ECF No. 156] (the "Amended Disclosure Statement").

This Court finds that (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; (v) adequate and proper notice of the Motion and a hearing on it has been given and no further notice is necessary; (vi) the Amended Disclosure Statement contains adequate information as that term

is defined in Bankruptcy Code § 1125 on a final basis; and (viii) good and sufficient cause exists for granting the relief requested in the Motion as set forth in this Order, it is

ORDERED as follows:

1.	The Motion is GRANTED, as set forth herein.

1.	The Amended Disclosure Statement contains adequate information as that term is defined in Bankruptcy Code § 1125 and is approved on a **final basis** to be used in connection with the post-petition solicitation of votes to accept or reject the Plans.

2.	For the reasons stated on the record, the Empire Objection is overruled.

3.	The Proponents are hereby authorized to engage in the solicitation of votes on the Plans.

**DEADLINE FOR FILING BALLOTS ACCEPTING OR REJECTING PLANS**

4.	May 14, 2020 is fixed as the last day for filing written acceptances or rejections of the Plans referred to above (14 calendar days before hearing on confirmation of the Plans ("Confirmation Hearing").

**PLAN PROPONENTS' OBLIGATIONS**

5.	On or before the date indicated above as "PROPONENTS' DEADLINE FOR SERVING THIS ORDER, DISCLOSURE STATEMENT, PLANS, AND BALLOT" the Proponents shall serve a copy of this order, the approved disclosure statement and the applicable plan(s) on all creditors, all equity security holders, the U.S. Trustee, and all other parties in interest, as required by the Bankruptcy Rules (including those entities as described in Bankruptcy Rule 3017(f)) and the Local Rules, including those listed on a "Master Service List" required to be filed pursuant to Local Rules 2002-1(H). At the time of serving this order, the Local Form "Ballot and Deadline for Filing Ballot Accepting or Rejecting Plan," customized as required by Local Rule

3018-1, shall be served via U.S. Mail on all creditors and equity security holders entitled to vote on the plan(s).

6. On or before 5:00 p.m. on the date indicated above as "PROPONENTS' DEADLINE FOR FILING PROPONENTS' REPORT AND CONFIRMATION AFFIDAVIT," the Proponents shall file with the court the Local Form "Certificate of Proponent of Plans on Acceptance of Plans, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees," and the Local Form "Confirmation Affidavit." The "Confirmation Affidavit" shall set forth the facts upon which the Proponents rely to establish that each of the requirements of 11 U.S.C. §1129 are satisfied. The "Confirmation Affidavit" should be prepared so that by reading it the court can easily understand the significant terms of the Plans and other material facts relating to confirmation of the Plans. The individual executing the "Confirmation Affidavit" shall be present at the confirmation hearing.

7. If the Proponents do not timely comply with any of the requirements of this order, the court may impose sanctions at the confirmation hearing, without further notice, including dismissal, conversion of the case to chapter 7, or the striking of the Plans. The court will also consider dismissal or conversion at the confirmation hearing at the request of any party or on the court's own motion.

## HEARING TO CONSIDER CONFIRMATION OF PLANS

8. The hearing on final approval of the disclosure statement and confirmation of the Plans (45 days after the Plans are filed unless extended by the court prior to the expiration of this deadline) has been set for the date and time indicated above as "CONFIRMATION HEARING."

9. The confirmation hearing may be continued to a future date by notice given in open court at the confirmation hearing.

10. Pursuant to Local Rules 3017-2(B) and 3020-1(A), May 14, 2020 is fixed as the last day for filing and serving written objections to the disclosure statement and confirmation of the Plans (14 calendar days before the confirmation hearing), provided however, that the Office of the United States Trustee shall not be required to file a written objection to either the disclosure statement or confirmation of the Plans. Objections shall be served as required by Bankruptcy Rule 3017.1 and served on (i) counsel for the Debtors, Genovese Joblove & Battista, P.A., 100 S.E. Second Street, 44th Floor, Miami, Florida 33131, Attn: Paul J. Battista, Esq., pbattista@gjb-law.com; and (ii) the Office of the United States Trustee, Steven D. Schneiderman, Esq., Office of the U.S. Trustee, U.S. Trustee's Office, 51 S.W. First Avenue, Suite 1204, Miami, FL  33130, Steven.D.Schneiderman@usdoj.gov.

**DEADLINE FOR OBJECTIONS TO CLAIMS**

11. The last day for filing and serving objections to claims is indicated above as "DEADLINE FOR OBJECTIONS TO CLAIMS." All objections to claims must be filed before this date unless the deadline is extended by further order.

**DEADLINE FOR FILING AND HEARING ON FEE APPLICATIONS**

12. The last day for filing and serving fee applications is indicated above as "DEADLINE FOR FEE APPLICATIONS." All prospective applicants for compensation, including attorneys, accountants and other professionals, shall file applications which include actual time and costs, plus an estimate of additional time and costs to be incurred through confirmation. At or prior to confirmation, applicants must file a supplement with documentation supporting the estimated time and costs. Fee applications shall be timely filed with the court and served (with all exhibits including documentation of estimated time) on (i) the debtor; (ii) the Plans Proponent (if other than the debtor); (iii) all committees; (iv) any chapter 11 trustee or examiner;

and (v) the U.S. Trustee.

13. Fee applications will be set for hearing together with the confirmation hearing.

14. The Proponents are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15. To the extent this Order is inconsistent with any other prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**NOTICE PURSUANT TO FED. R. BANKR. P. 2002(c)(3) THAT PLAN PROVIDES FOR RELEASES**

17. The (I) Chapter 11 Plan Of Reorganization Proposed By America-CV Station Group, Inc., (II) Chapter 11 Plan Of Reorganization Proposed By Caribevision Holdings, Inc., (III) Chapter 11 Plan Of Reorganization Proposed By America-CV Network, LLC, and (IV) Chapter 11 Plan Of Reorganization Proposed By Caribevision TV Network, LLC each provide for releases and contain the following language:

> **Releases by the Debtor and the Estate.**
>
> **Notwithstanding anything contained in the Plan to the contrary, as of the Effective Date, for the good and valuable consideration provided by and on behalf of each of the Released Parties, each of the Debtor and its current and former Affiliates and Representatives and the Estates shall be deemed to have provided a full, complete, unconditional and irrevocable release to the Released Parties (and each such Released Party so released shall be deemed released by the Debtor and their current and former Affiliates and Representatives and the Estate) from any and all Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies and liabilities whatsoever, whether accrued or unaccrued, whether known or unknown, foreseen or unforeseen, existing before the Effective Date, as of the Effective Date or arising thereafter, in law, at equity, whether for tort, contract, violations of statutes (including but not limited to the federal or state securities laws), or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtor, including, without limitation, those that the**

**Debtor would have been legally entitled to assert or that any current or former holder of a Claim or Equity Interest or other Entity would have been legally entitled to assert for or on behalf of any of the Debtor or the Estate, including those in any way related to the Chapter 11 Case or the Plan, provided, however, that nothing herein or in the Plan shall be interpreted as a release of the Released Parties' or Reorganized Debtors' rights or obligations under the Plan.**

**Releases by Holders of Claims and Equity Interests.**

**To the fullest extent permitted by applicable law, as of the Effective Date, each Person, including any Person who is listed in the Debtor's Schedules (whether as disputed, contingent, unliquidated, notice party or otherwise) and any Person who is a current or former holder of a direct or indirect Equity Interest in the Debtor, who has notice of the Chapter 11 Case and the Plan, who votes to accept the Plan or accepts a Distribution under the Plan, or is deemed to accept the Plan, or abstains from voting on the Plan, in each case whether or not such Person filed a Claim or an Equity Interest in the Chapter 11 Case, shall be deemed to fully, completely, unconditionally, irrevocably, and forever release each of the Released Parties of and from any and all Claims and Causes of Action and any other debts, obligations, rights, suits, damages, actions, remedies and liabilities whatsoever, whether accrued or unaccrued, whether known or unknown, foreseen or unforeseen, existing before the Effective Date, as of the Effective Date or arising thereafter, in law, at equity, whether for tort (including breach of fiduciary duty), contract, violations of statutes (including but not limited to the federal or state securities laws), or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place prior to or on the Effective Date arising from or related in any way to the Debtor and its Representatives, including the State Court Claims Order, the Romay Claims, or the Mediaset Transfer, whether direct, derivative, accrued or unaccrued, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, in law, equity or otherwise; provided, however, that nothing herein or in the Plan shall be interpreted as a release of the Released Parties' or Reorganized Debtors' rights or obligations under the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases set forth in the Plan to the Released Parties pursuant to Bankruptcy Rule 9019 and its finding that they are: (a) in exchange for good and valuable consideration (including the Equity Contribution), representing a good faith settlement and compromise of the Claims and Causes of Action released by the Plan; (b) in the best interests of the Debtor and all holders of Claims and current or former, direct and indirect holders of Equity Interests; (c) fair, equitable and reasonable; (d)**

**approved after due notice and opportunity for hearing; and (e) a bar to the assertion of any Claim or Cause of Action thereby released.**

###

Submitted by:
Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Counsel to Debtors-in-Possession
100 SE 2nd Street, 44th Floor
Miami, Florida 33131
305-349-2300 (p)
305-349-2310 (f)
pbattista@gjb-law.com


Copy to: Paul J. Battista, Esq.
(Attorney Battista is directed to serve a conformed copy of this Order on all parties in interest)