**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| AMERICA-CV STATION GROUP, INC. | Case No. 19-16355-LMI |
| CARIBEVISION HOLDINGS, INC. | Case No. 19-16359-LMI |
| AMERICA-CV NETWORK, LLC | Case No. 19-16976-LMI |
| CARIBEVISION TV NETWORK, LLC | Case No. 19-16977-LMI |
| | |
| Debtors. | (Jointly Administered Under No. 19-16255BKC-LMI) |
| _____/ | |

**PEGASO EQUITY HOLDERS' EMERGENCY MOTION SEEKING CLARIFICATION OF THE AGREED ORDER GRANTING PEGASO EQUITY HOLDERS' VERIFIED EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [ECF 397] AND EMERGENCY HEARING REQUESTED**

**Statement of Exigent Circumstances**

The Pegaso Equity Holders have transferred the $329,000 to counsel for the Reorganized Debtors consistent with this Court's orders and based on the District Court having denied the Motion for Stay Pending Appeal. Based upon information from Reorganized Debtors' monthly financial reports and general information of the case, there likely remains substantial attorneys' fees due and owing as a result of the continued litigation substantially carried out by the Reorganized Debtors (as controlled by the Vasallo Group) and the Vasallo Group to their respective legal counsel for their legal work following the Eleventh Circuit's opinion. Both the Order Granting Pegaso Equity Holders' Verified Expedited Motion for Temporary Restraining Order and Preliminary Injunction [ECF 397] and general principles of equity bar the use of some or all of the just transferred $329,000 for the payment of any such fees by the Reorganized Debtors. Not only were these attorneys' fees incurred in the course of litigation against the Pegaso Equity Holders (and not for the benefit of the Reorganized Debtors themselves) but said litigation sought to specifically prevent the Pegaso Equity Holders from obtaining their ownership interest in the Reorganized Debtors. As such and given the recent issuance of the Pegaso Equity Holders' interests in the Reorganized Debtors, such that the Pegaso Equity Holders now own the controlling interest in the Reorganized

Debtors, the Pegaso Equity Holders request emergency consideration to enjoin the transfer of funds until the issues presented in this Motion are resolved. **A hearing should be held ASAP to ensure the $329,000 in funds are not transferred**.

Emilio Braun, Ramon Diez Barroso and Pegaso Television Corp. (collectively, the "**Pegaso Equity Holders**"), by and through their undersigned counsel hereby submit this *Emergency Motion Seeking Clarification of the Agreed Order Granting Pegaso Equity Holders' Verified Expedited Motion for Temporary Restraining Order and Preliminary Injunction [ECF 397]* (this "**Motion**") for entry of an order scheduling an emergency hearing, pursuant to section 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9075-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "**Local Rules**"). In support of this Motion, the Pegaso Equity Holders respectfully state:

1. By way of the *Amended Order on Remand* [ECF 502], the *Second Amended Order on Remand* [ECF 510], and the *Supplemental Order on Remand* [ECF 547] (the "**Supplemental Remand Order**", with all collectively defined as the "**Remand Orders**"), this Court set forth a process to ultimately cause the issuance of "new equity" (the "**New Equity**") in the appropriate members of America-CV Station Group, Inc. and its affiliates (collectively, the "**Reorganized Debtors**"),[1] in the amounts provided for in the original Plans and Amended Disclosure Statement that had been in effect prior to the now-voided modification of the original Plans.

2. Pursuant to the original Plans and Amended Disclosure Statement, the Pegaso Equity Holders were required to, and did, provide $329,000 as tender to the Reorganized Debtors to fund the companies. The Pegaso Equity Holders further established that they had the ability to

---

[1] Specifically, the New Equity would be issued for Caribevision Holdings, Inc. and Caribevision TV Network, LLC.

fund the Line of Credit obligation set forth in the original Plans. In fact, the Pegaso Equity Holders had actually transferred *twice* the amount that was needed to be tendered to the Reorganized Debtors when appropriate.

3.  By the Supplemental Remand Order, this Court set forth that upon delivery of the "$329,000.00 to counsel for the Reorganized Debtors, which funds the Court understands are currently held in the trust account of counsel to the Pegaso Equity Holders, all necessary documents will be delivered to counsel for the Pegaso Equity Holders." (This matches the Court's instructions in the other Remand Orders.)

4.  In compliance with the Remand Orders, the Pegaso Equity Holders have now delivered the $329,000.00 to the Reorganized Debtors.

5.  By way of this Motion, the Pegaso Equity Holders request from this Court an emergency hearing for clarification of the *Agreed Order Granting Pegaso Equity Holders' Verified Expedited Motion for Temporary Restraining Order and Preliminary Injunction* [ECF 397] (the "**Injunction Order**") and protection regarding the $329,000.00 that was just tendered to the Reorganized Debtors. The Pegaso Equity Holders make this request for both legal and equitable reasons.

6.  Legally, this Court stated in the Injunction Order that "[n]either the Reorganized Debtors nor any of their direct or indirect subsidiaries shall pay any obligations or debt owed to [Carlos] Vasallo, [Vasallo TV Group, LLC[2] [("**Vasallo TV**")]] or any of the Vasallo Entities,

---

[2] Carlos Vasallo and Vasallo TV are collectively referred to as the "**Vasallo Group**."

3

DM3\11385581.2

including any agents or professionals of Mr. Vasallo, Vasallo TV, any of the Vasallo Entities,"[3] except for the obligations under the Lease for the Property, including rent at $40,000 per month.

7. Based upon information from Reorganized Debtors' monthly financial reports and general information of the case, there are likely substantial attorneys' fees due and owing by the Reorganized Debtors as a result of the prolonged battle over the interpretation of the Eleventh Circuit's opinion and this Court's subsequent implementation thereof, which was caused by the Reorganized Debtors (at the direction of the Vasallo Group) and the Vasallo Group's own doing.

8. By the Injunction Order, the Court specifically stated that no "agents or professionals of Mr. Vasallo, Vasallo TV or any of the Vasallo Entities" shall be compensated by the Reorganized Debtors for any obligations or debts owed besides the obligations under the Lease for the Property.

9. Therefore, according to the express terms of the Injunction Order, not only are the Reorganized Debtors enjoined from transferring the $329,000.00 to the Vasallo Group but the Reorganized Debtors are also enjoined from paying any attorneys' fees and costs incurred by the Reorganized Debtors and/or the Vasallo Group related to the litigation carried out since the Injunction Order was entered on May 11, 2023. *See* Injunction Order [ECF 397] at § 4(g)-(h).

10. Equitably, the Reorganized Debtors (the majority of which are now once again owned by the Pegaso Equity Holders) should not now be forced to compensate the very parties who attempted to prevent the Pegaso Equity Holders from receiving their rightful interests in the Reorganized Debtors. It would be inequitable to force the Reorganized Debtors to pay any of the $329,000.00 to the Vasallo Group (which incurred and ran up attorneys' fees in an unsuccessful

---

[3] The "Vasallo Entities" were defined therein as "any entities and affiliates, including Hispania Entertainment LLC ("**Hispania**"), directly and indirectly owned by Mr. Vasallo.

bid to improperly keep ownership and control of the Reorganized Debtors) and leave the now majority ownership of the Reorganized Debtors "holding the bag" for such attorneys' fees and costs.

11. While the transfer process of the issuance of the New Equity in the Reorganized Debtors to the Pegaso Equity Holders and any transition of the Reorganized Debtors is now complete in accordance with the Order by this Court and the District Court, both the Reorganized Debtors and the Pegaso Equity Holders' interests therein require further protection from any ongoing or future conduct of the Vasallo Group.

12. At the very least, the Pegaso Equity Holders request that the Court specifically enjoin any transfer of the $329,000 out of the possession of the Reorganized Debtors at this time, at least until the parties can identify what amounts are potentially owed among the various entities.

13. Further, in the Supplemental Remand Order, this Court stated that upon completion of the delivery of the $329,000.00 to counsel for the Reorganized Debtors and the issuance of new stock certificates to the Pegaso Equity Holders, the "parties shall file a certificate of completion and the Court will set a final status conference."

14. As of the filing of this Motion, the check delivering the $329,000.00 to counsel for the Reorganized Debtors has not yet cleared. Thus, since all conditions precedent have yet to occur, the parties will not be filing certificates of completion with the Court. Additionally, the parties will not be filing such certificates until this Court holds a hearing on the issues set forth in this Motion.

15. Therefore, Movants respectfully request that this Court must now intervene to protect the fair and equitable operation of the Reorganized Debtors and the Pegaso Equity Holders' majority interests in same.

WHEREFORE, the Pegaso Equity Holders respectfully request that this Court enter an Order, on an emergent basis, (i) scheduling an expedited hearing to further clarify the Injunction Order to prevent the transfer of funds to the Vasallo Group, including preventing the Reorganized Debtors from paying the Vasallo Group and Reorganized Debtors for attorneys' fees related to the continued litigation that has occurred since the issuance Injunction Order for the time being, and (ii) granting any further and other relief as the Court deems just and appropriate under the circumstances.

## CERTIFICATION OF GOOD FAITH CONFERENCE IN ACCORDANCE WITH LOCAL RULE 9073-1(D)

I hereby certify that, prior to filing the foregoing Motion, counsel for the Pegaso Equity Holders (Phillip M. Hudson III and Morgan L. Swing) met and conferred in good faith with counsel for the Reorganized Debtors (Paul J. Battista) via telephone conference on March 25, 2025, in an attempt to resolve the issues raised herein by agreement and without the Court's intervention. However, that good faith conversation did not result in any agreement as to the relief sought herein. Accordingly, the foregoing Motion is presented to the Court for resolution.

Respectfully submitted,

**DUANE MORRIS LLP**

By: */s/ Phillip M. Hudson III*
Phillip M. Hudson III
Florida Bar No. 518743
PMHudson@duanemorris.com
Morgan L. Swing
Florida Bar No. 17092
MLSwing@duanemorris.com

        201 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
(305) 960-2200
(305) 960-2201 (fax)

*Attorneys for Ramon Diez Barroso, Pegaso Television Corp., and Emilio Braun*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March, 2025, a true copy of the foregoing *Emergency Motion Seeking Clarification of the Agreed Order Granting Pegaso Equity Holders' Verified Expedited Motion for Temporary Restraining Order and Preliminary Injunction [ECF 397]* has been served electronically via the Court's CM/ECF system on those parties registered to receive notice via CM/ECF in this case, and via U.S. mail, postage prepaid on the parties listed on the attached service list.

        */s/ Phillip M. Hudson III*
Phillip M. Hudson III

## Mail Service List

**Vasallo TV Group, LLC**
**c/o Carlos E. Sardi, Esq.**
Sardi Law, PLLC
225 Alcazar Avenue
Coral Gables, FL 33134

**America-CV Station Group, Inc.**
13001 NW 107th Ave.
Hialeah, FL 33018

**Paul J. Battista, Esq.**
**Heather L Harmon, Esq.**
**Counsel for America-CV Station Group, Inc. et al.**
100 SE Second St., Ste. 4400
Miami, FL 33131

**Marcell Felipe, Esq.**
Marcell Felipe Attorneys
1200 Ponce De Leon Blvd., Ste. 703
Coral Gables, Florida 33134

**American Express National Bank**
**c/o Becket and Lee LLP**
P.O. Box 3001
Malvern, PA 19355-0701

**Miami-Dade County Tax Collector**
**c/o Alexis Gonzalez**
200 NW 2nd Avenue, Suite 430
Miami, FL 33128-1733

**Raul Torres**
1020 W. 33rd St.
Hialeah, FL 33012-4924

**Jorge Valazquez**
3500 NW 62nd St
Miami, FL 33147

8

DM3\11385581.2